IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VICTOR LINTON, #1348070,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00991-SMY |
| | ) |
| **KENNY BENZING, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Joint Motion for Summary Judgment – Failure to Exhaust Administrative Remedies (Doc. 21). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Victor Linton, along with ten other inmates, filed a lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of their constitutional rights at the Marion County Jail (Doc. 2). Linton's claims were severed into this separate lawsuit (Doc. 1). He is proceeding on the following claims, after preliminary review of the Complaint under 28 U.S.C. § 1915A:

> Count 1: Sheriff Stevenson and Jail Administrator Benzing failed to take steps to mitigate Linton's serious risk of COVID-19 exposure at the Jail in July 2020 by failing to require masks and social distancing in violation of Linton's constitutional rights under the Eighth or Fourteenth Amendment.
>
> Count 2: Nurses Alexander and Jane Doe denied Linton's requests for COVID-19 testing (July to October) and failed to record symptoms of COVID-19 (July 2020) in violation of Linton's constitutional rights under the Eighth or Fourteenth Amendment.
>
> Count 3: Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Doe failed to respond to Linton's grievances and sick call

slips addressing COVID-19 in violation of Linton's constitutional rights under the Fourteenth Amendment.

Defendants assert Linton did not submit any grievances regarding the claims in this lawsuit (Doc. 21). Linton was notified of the motion and the consequences of a non-response in the Court's Rule 56 Notice and Order (Doc. 22). He did not, however, file a response. As such, the facts are considered undisputed and an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is unnecessary.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. Administrative exhaustion "means using all steps that the agency holds out and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

During the relevant period of time, Marion County Jail had a grievance process, which Linton utilized on one occasion with regard to an issue with his cellmate (Doc. 21, p. 3: Doc. 21-1, p. 1; Doc. 21-2, p. 1). The process for grieving issues and appealing from grievance decisions is explained on the bottom of the form inmates use to submit grievances (Doc. 21, p. 2; Doc. 21-

2, p. 1). A search of the Marion County Jail prisoner grievance records do not show any other grievance submitted by Linton from January 1, 2020 to October 31, 2020 (Doc. 21, p. 3: Doc. 21-1, p. 1). Accordingly, based on the undisputed evidence in the record, the Court finds that Linton failed to exhaust his administrative remedies as to the claims in this lawsuit.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion for Summary Judgment – Failure to Exhaust Administrative Remedies (Doc. 21) is **GRANTED**; this case is **DISMISSED** without prejudice; and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 16, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**